# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10360
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ping Express US, L.L.C.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-122-1

———————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Ping Express US, LLC (Ping Express) pleaded guilty, pursuant to a plea agreement, to one count of failure to maintain an effective anti-money laundering program and one count of operating an unlicensed money transmitting business, in violation of 31 U.S.C. §§ 5318(h) and 5322, and 18 U.S.C. §§ 1960(a) and (b)(1)(A). Although the parties agreed in the plea

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

agreement that the appropriate sentence was five years of probation for each offense, at sentencing, the Government supported a more lenient sentence of two years of probation for each count. The district court accepted the plea agreement and imposed concurrent terms of two years of probation. Ping Express raises three claims on appeal.

First, it argues that the Government breached the plea agreement by advocating for a lesser sentence than the one outlined in the agreement. Ping Express did not raise this challenge in the district court, and thus, we review this claim for plain error only. *See United States v. Tapia*, 946 F.3d 729, 733-34 (5th Cir. 2020). Under the plain error standard, Ping Express must show a breach of the plea agreement, that the breach constitutes clear or obvious error, and that the error affects its substantial rights. *See id.* at 734. To prove an effect on its substantial rights, Ping Express "must show a reasonable probability that, but for the error, [it] would have received a lesser sentence." *Id.* (internal quotation marks and citations omitted). Because Ping Express received a lesser sentence than that outlined in the plea agreement, it cannot show any effect on its substantial rights by the alleged breach and thus cannot establish plain error.

Second, Ping Express contends that the guilty plea was not supported by a sufficient factual basis and thus the district court erred under Federal Rule of Criminal Procedure 11. This claim is also reviewed for plain error because the issue was not raised below. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Here, a defendant "must show a reasonable probability that, but for the error, [it] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). Ping Express makes no argument that there is a reasonable probability that but for the alleged error in the factual basis, it would not have pleaded guilty. Nor is

there any evidence in the record to support such an assertion. Thus, Ping Express fails to establish plain error as to this claim.

Finally, Ping Express contends that the district court erred by not continuing the sentencing hearing. Regardless of whether this claim is precluded by the appellate waiver provision that the government enforces, Ping Express cannot prevail. Ping Express does not point to any place in the record where a continuance was actually requested (and denied). But, even if the issue was preserved, "trial judges have broad discretion in deciding whether to grant continuances," *United States v. Correa-Ventura*, 6 F.3d 1070, 1074 (5th Cir. 1993), and this Court "will 'reverse a denial [of a continuance] only when the district court has abused its discretion and the defendant can establish that he suffered serious prejudice,'" *United States v. Sheperd*, 27 F.4th 1075, 1085 (5th Cir. 2022) (quoting *United States v. Rounds*, 749 F.3d 326, 336 (5th Cir. 2014)). Ping Express conceded there was no prejudice at trial, and in its briefing offers no argument that it was prejudiced.

The judgment of the district court is AFFIRMED.